UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

CARL HARRISON,

      Movant,

v.                                 Case No. 2:97-cr-00143-04
                                 Case No. 2:08-cv-00103

UNITED STATES OF AMERICA,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket sheet document # 339). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

Movant, Carl Harrison (hereinafter referred to as "Defendant"), was serving a 170-month term of imprisonment, followed by a three-year term of supervised release, upon his guilty pleas to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. (Judgment in a Criminal Case, entered March 18, 1998, # 107). A fine of $5,000,

and a special assessment of $200 were also imposed.  (Id.)

Defendant's direct appeal was unsuccessful.  United States v. Harrison, No. 98-4259, 187 F.3d 632 (4th Cir. July 16, 1999), cert. denied, 529 U.S. 1030 (2000).

On August 11, 2000, Defendant filed his first Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  (# 175, amended March 28, 2001, # 187.)  It was denied by Judgment Order entered August 13, 2001 (# 215), which adopted the proposed findings and recommendation filed by the Hon. Maurice G. Taylor, United States Magistrate Judge (Findings and Recommendation filed July 19, 2001, # 207).  The United States Court of Appeals for the Fourth Circuit denied Defendant's request for a certificate of appealability, and dismissed the appeal.  United States v. Harrison, No. 01-7447, 26 Fed. Appx. 335, 2002 WL 185884 (4th Cir. Feb. 6, 2002).

On July 18, 2002, Defendant filed a motion for reconsideration of the Judgment Order denying his first § 2255 Motion, pursuant to Rule 60(b) (# 252).  On July 24, 2002, the motion for reconsideration was denied (# 253).  The Fourth Circuit determined that Defendant's Rule 60(b) motion was actually a successive habeas petition under § 2255, denied a certificate of appealability, and dismissed the appeal.  United States v. Harrison, No. 02-7238, 55 Fed. Appx. 193, 2003 WL 223439 (4th Cir. Feb. 3, 2003).

On July 21, 2003, Defendant filed a motion for home confinement (# 276), which was denied the same day (# 277).

On January 28, 2004, Defendant filed a letter motion to reopen his § 2255 motion (# 279), which was denied by Memorandum Order entered February 18, 2004 (# 281).

On July 26, 2004, Defendant filed a motion for authorization to file a successive application, pursuant to 28 U.S.C. § 2244, which was denied by the Fourth Circuit by order filed on August 6, 2004.  In re Carl Harrison, No. 04-220 (Aug. 6, 2004). (# 284).

On September 28, 2004, Defendant filed a motion for correction on good time (# 285), which was transferred to the United States District Court for the Northern District of West Virginia, because Defendant was incarcerated there (# 289).

On January 14, 2005, a § 2255 motion filed by Defendant in the United States District Court for the Northern District of West Virginia was transferred to this court.  On September 8, 2005, the undersigned submitted a Proposed Findings and Recommendation (PF&R), recommending that Defendant's § 2255 motion be denied as an unauthorized successive motion (# 315).  The PF&R further addressed Defendant's assertion that his motion should be reopened in light of the Supreme Court's recent decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005), and found that Defendant was entitled to no relief thereunder.  Defendant objected to the PF&R on September 13, 2005

(# 317).   On May 30, 2006, the Honorable John T. Copenhaver, Jr. entered a Memorandum Opinion and Order adopting the Proposed Findings and Recommendation, and denied the § 2255 motion (# 330).

On December 15, 2005, Defendant filed a Motion for Modification or Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) (# 321).   Defendant asserted that his sentence should be modified because the decision in Booker, *supra*, made the United States Sentencing Guidelines advisory in nature.   Consequently, Defendant asserted that "all the Guideline ranges have been 'subsequently lowered' as a result of the Booker decision." (# 321 at 1).   On January 5, 2006, the undersigned submitted a Proposed Findings and Recommendation recommending that Defendant's section 3582 motion be denied.   On July 19, 2006, the Honorable Thomas E. Johnston entered a Memorandum Opinion and Order overruling Defendant's objections and denying Defendant's section 3582 motion (# 332).

On February 28, 2007, the Fourth Circuit denied another motion for authorization to file a successive section 2255 motion filed by Defendant.   In re Carl Harrison, No. 07-126. (# 336).

Defendant then filed the instant section 2255 motion in this court on February 13, 2008 (# 339).   Defendant's present section 2255 motion asserts that the decisions in Kimbrough v. United States, 552 U.S. 85 (2007), and Gall v. United States, 552 U.S. 38 (2007), would allow a remand to the District Court for re-

sentencing at a lower Guideline level.  It appears that Defendant is also raising an issue concerning his criminal history category.

On February 21, 2008, Judge Johnston entered an Order withdrawing the reference of this matter to the undersigned, to the extent that Defendant was seeking relief based on the recent reduction of the penalties for cocaine base offenses (# 344). Judge Johnston then addressed that issue through a Motion for Retroactive Application of the Sentencing Guidelines re: Crack Cocaine Offenses under 18 U.S.C. § 3582 (# 345).  On June 18, 2008, Judge Johnston entered a Memorandum Opinion and Order granting a reduction in Defendant's base offense level under the Sentencing Guidelines and reduced Defendant's sentence to a period of 135 months, with credit for time served (# 358).   Defendant was thereafter released from custody and is currently serving a three-year term of supervised release.  The Clerk has been provided with an updated address for Defendant.

## RECOMMENDATION

In light of the relief granted to Defendant under 18 U.S.C. § 3582, Defendant's current section 2255 motion appears to be moot. Nevertheless, the undersigned proposes that the presiding District Judge **FIND** that Defendant would not have been entitled to any review of his section 2255 motion by this court because it is an unauthorized second or successive motion under section 2255. Accordingly, it is respectfully **RECOMMENDED** that the presiding

District Judge **DENY** Defendant's Motion to Vacate, Set Aside or Correct Sentence (# 339) and **DISMISS** this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such

objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Carl Harrison, and to counsel of record.

<table>
<tr><td>    September 15, 2009   <br>Date</td><td>*Mary E. Stanley*<br>Mary E. Stanley<br>United States Magistrate Judge</td></tr>
</table>